## SOMOGYI v. CINCINNATI, N. O. & T. P. RY. CO.

### No. 7734.

Circuit Court of Appeals, Sixth Circuit.

Feb. 10, 1939.

John S. Cooper and R. C. Tartar, both of Somerset, Ky., for appellant.

George R. Hunt, of Lexington, Ky. (Maurice L. Galvin, of Cincinnati, Ohio, B. J. Bethurum, of Somerset, Ky., and Geo. R. Hunt and J. R. Bush, both of Lexington, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appellant sued to recover for the death of the decedent resulting from injuries received by him while employed in the defendant's machine shop. The District Court, after excluding evidence of statements made by the decedent while still suffering from pain and shock and in a highly nervous state as to the cause and manner of the injuries, proffered under the res gestæ rule, directed a verdict for the defendant. The errors complained of are the exclusion of the evidence and the peremptory verdict.

No one saw the accident. The known facts, however, are that the decedent was in proximity to a defective polishing machine, that within five minutes after he had been seen in that position he was observed holding a piece of moistened waste to his head, and upon inquiry responded, "That machine hurt me." An idler pulley displaced from the machine was on its table, and the bolt and nut by which it had been confined in the assembly were in the decedent's hand. The thread had been stripped from the bolt and the bolt itself had been filed off to the extent of about one-third, a condition that could not have been seen except by close inspection. The injury occurred on the 26th day of June, 1935. Some time thereafter the decedent left for home and did not return to work. On the 30th day of June he became very ill, on the 9th of July he was taken to a hospital, where the following day he died. Death was due to hemorrhage resulting from a fracture of the cranium.

There was substantial evidence of negligence in respect to the defective appliance. The evidence does not indicate the defect in the machine to have been so obvious as to warrant invoking the doctrine of assumed risk. We assume, therefore, that the legal principle upon which the motion for directed verdict was granted was the failure of the evidence to show a causal relation between the defendant's failure of duty and the injury which occurred.

When proofs are such that two or more reasonable inferences may be drawn from the known facts in respect to negligence, or that the negligence was proximately the cause of an injury, they present no more than a choice of probabilities, and the plaintiff must fail, since the burden of proof is on him. Davlin v. Henry Ford & Son, 6 Cir., 20 F.2d 317; Louisville & N. R. Co. v. Bell, 6 Cir., 206 F. 395; Toledo, St. L. & W. Railway Co. v. Howe, 6 Cir., 191 F. 776; Parker v. Gulf Refining Co., 6 Cir., 80 F.2d 795; O'Mara v. Pennsylvania R. Co., 6 Cir., 95 F.2d 762, 763. The present record, however, presents more than such choice. The appliance was defective, the man was injured in proximity to it, and the causal relation of the negligence to the injury is shown, at least prima facie, by the statement of the decedent received in evidence. In the absence of controverting proof, or a demonstration of physical facts to destroy its persuasiveness, there was substantial evidence upon which to present to the jury an issue as to causal relation between the defective appliance and the injury, and the court should have overruled the motion for directed verdict.

Since the case must be retried, it becomes necessary to comment upon the exclusion of evidence. The res gestæ rule permits reception of statements substantially contemporaneous with the event if they

are explanations of a spontaneous nature arising from the transaction itself before the declarant has had opportunity for deliberation or reflection. Overland Construction Co. v. Sydnor, 6 Cir., 70 F.2d 338; Wicker v. Scott, 6 Cir., 29 F.2d 807. The rule in Kentucky as to the receipt of such evidence is at least as liberal as the general rule, if not more so. Louisville Railway Co. v. Johnson's Administrator, 131 Ky. 277, 115 S.W. 207, 20 L.R.A.,N.S., 133; Kington Coal Co. v. Aaron, 147 Ky. 480, 144 S.W. 371; Louisville Railway Co. v. Broaddus' Administrator, 180 Ky. 298, 202 S.W. 654. The record shows that the decedent's statements to Williams and Godby were, like those to Denton, made while he was still under the shock and pain of the injury, while still distrait, and before there was opportunity for deliberation. They should likewise have been received. While much must be left to the discretion of the trial judge in such cases, it is plain that Denton's evidence was properly admitted and that the evidence of Williams and Godby included statements equally contemporaneous and spontaneous.

■ A different conclusion, however, is required on the ruling which excluded statements made by the decedent to his physician four days after the accident. There had then been time for reflection. The spontaniety which removes such declarations from the hearsay evidence rule was gone, and they were not contemporaneous. The Court of Appeals of Kentucky views with great liberality the admission of declarations of a patient to his physician made as an aid to diagnosis. North American Accident Insurance Co. v. Hills' Administratrix, 182 Ky. 125, 206 S.W. 170. It is not thought, however, that its departure from generally accepted principles is such as to permit a physician to testify to declarations describing in detail the manner of the accident and indicating the precise failure of duty which brought it about.

■ There must be added to what we have said on the subject of causation the observation that the causal relation of the defective appliance to the injury is not necessarily destroyed by the fact that the fracture was at the back of the decedent's head rather than in front or on top. The excluded evidence tended to show that the decedent after being struck by the idler pulley backed into another machine, struck his head thereon and was knocked to the floor. An inference by the jury that he was so injured would not destroy the chain of causation between the negligence and the result, since the decedent if he so acted did so in normal reaction to the stimulus of a situation created by negligence. Sandri v. Byram, 6 Cir., 30 F.2d 784, 786; Erie Railroad Co. v. Caldwell, 6 Cir., 264 F. 947; New York Central R. Co. v. Brown, 6 Cir., 63 F.2d 657.

The judgment below is reversed and the cause remanded for new trial.