**O'DONNELL et al. v. GENEVA METAL WHEEL CO.**

**No. 10994.**

United States Court of Appeals
Sixth Circuit.

Nov. 17, 1950.

60

Davis & Young, Meyer A. Cook, Cleveland, Ohio, for appellants.

Bulkley, Butler & Pillen, Kenneth D. Carter, J. A. Butler, Cleveland, Ohio, for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The above cause came on to be heard on appellee's petition for rehearing in which it is contended that the reference by the court in its opinion to Pennsylvania Railroad v. Goldie, 6 Cir., 182 F. 2d ⸢, stated the law as based upon decisions o1 the Supreme Court involving the Federal Employers' Liability Act 45 U.S.C.A. § 51 et. seq. and that that case, delineating the functions of the jury to pass upon issues of fact and the function of the court to determine whether there is substantial evidence to submit such issues to the jury, is inapplicable to the present controversy. It is emphasized that this case involves a common law cause of action under Ohio law, and that a federal court, under the authority of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, is accordingly bound to follow the law of negligence of the State of Ohio, as interpreted by the highest court of that state. We agree with this contention. The rule with respect to the function of judge and jury, as outlined in Pennsylvania Railroad v. Goldie, supra, is here inapplicable, and the citation of that case as authority in disposing of the issues presented by appellee was improvident.

In this case, the law of Ohio controls. In the latest adjudication of the Ohio Supreme Court on the subject that has come to our attention, it is held that it is not sufficient for a plaintiff to prove that the negligence of a defendant might have caused an accident; if the cause of the injury to a plaintiff may be as reasonably attributed to an act for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that his injury is a proximate result of the negligence of the defendant. Gedra v. Dallmar Co., 153 Ohio St. 258, 91 N.E.2d 256. This rule, however, in no way alters the conclusions heretofore expressed in the opinion of this court on the appeal in this case.

From the transcript of the record, it is our view that there was sufficient evi-

dence on the trial before the district court to submit to the jury the question whether the wheel that caused the accident was of appellee's manufacture. The jury could reasonably consider that the evidence disclosed a probability, rather than merely a possibility, that the accident was due to the negligent manufacture of the wheel by appellee company. If it were proved by appellee that another party had manufactured wheels identical to the wheel in question, then appellants' proof, if the same as on the trial below, would be insufficient to present the issue of appellee's negligence to the jury. But this issue must be resolved, as has been heretofore stated in the opinion of this court, upon a new trial.

In accordance with the foregoing, the petition for rehearing is denied.