**UNITED STATES of America,**
Appellant,

v.

**J. E. BOHANNON COMPANY,**
Inc., Appellee.

No. 12588.

United States Court of Appeals
Sixth Circuit.

May 2, 1956.

Marcus A. Rowden, Washington, D. C., Joseph D. Guilfoyle, Melvin Richter, Benjamin Forman, Washington, D. C., J. Leonard Walker, Louisville, Ky., on brief, for appellant.

Ernest Woodward, Louisville, Ky., Lorenzo K. Wood, Louisville, Ky., J. T. Orendorf, Bowling Green, Ky., Woodward, Hobson & Fulton, Louisville, Ky., on brief, for appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

The United States brought this action to recover damages in the sum of $628,-200.81 for the failure of the appellee, J. E. Bohannon Company, Inc., to redeliver tobacco stored in its warehouse. The tobacco had been placed in storage in appellee's warehouse by the Eastern Dark Fired Tobacco Growers' Association and the Burley Tobacco Growers' Association under an agreement with the Commodity Credit Corporation to secure monies advanced by it under the tobacco price support program. Warehouse receipts were issued by the appellee to the two associations and were placed in escrow with the Louisville Bank of Cooperatives for and on behalf of the Commodity Credit Corporation. On July 19, 1951, about 5:15 p. m., a fire occurred at the warehouse which damaged or destroyed 1,549,130 pounds of the stored tobacco. Following the inability and failure of the appellee to redeliver the tobacco to the Commodity Credit Corporation, this action was filed.

In the jury trial which followed, the Government made out a prima facie case by showing the delivery of the tobacco to the appellee and the appellee's failure to redeliver. Appellee introduced evidence purporting to show that it had exercised due care. At the close of appellee's case, the Government moved for a directed verdict which the District Judge denied, ruling that the Government's prima facie case had been rebutted and that it was incumbent upon the Government to offer proof to show wherein the appellee was negligent. The Government then introduced evidence to the effect that there was a hole in the warehouse, that boys had gone in and out of it on the afternoon of the fire, and

that there had been smoking around or in the warehouse. At the conclusion of the Government's evidence, appellee moved for a directed verdict and the Government renewed its motion for a directed verdict. The District Judge denied both motions, ruling that negligence and proximate cause were questions for the jury. The jury returned a verdict for the appellee, upon which judgment was entered, followed by this appeal.

■ Appellant contends that the District Judge erred to its prejudice in his instructions to the jury in three respects. (1) That he failed to instruct the jury that the burden of proof was upon the appellee to prove by a preponderance of the evidence that it exercised due care; (2) that he failed to instruct the jury to ignore the clause in the warehouse receipts which stated that the tobacco was received and stored subject to the owner's risk as to loss by fire; and (3) that he failed to instruct the jury that appellee's evidence that it followed the usual custom of the trade in storing and caring for the tobacco could be considered by the jury with other evidence bearing on the issue, but did not of itself establish that appellee had exercised due care. Instructions to that effect were offered by the Government. Appellee contends that the requested instruction as to burden of proof did not embody the correct rule of law, and, in any event, although the requested instructions were not given in the wording asked by the Government, the issues involved therein were covered by the instructions actually given. Much of the present appeal concerns itself with these issues. Appellant's contentions have considerable merit. Denning Warehouse Co. v. Widener, 10 Cir., 172 F.2d 910, 912, 13 A.L.R.2d 669; Empire Oil & Refining Co. v. Hoyt, 6 Cir., 112 F.2d 356, 361. However, in our opinion, it is unnecessary to rule upon them in view of our conclusion that appellee's motion for a directed verdict at the conclusion of the Government's evidence should have been sustained, in that there was not sufficient evidence with respect to the alleged negligence and proximate cause to take the case to the jury. Jones v. Mutual Life Ins. Co. of New York, 8 Cir., 113 F.2d 873, 874; Couch's Adm'r v. Black, 301 Ky. 24, 190 S.W.2d 681.

The evidence showed that appellee's warehouse was properly located, designed and constructed and was considered a first-grade warehouse. It was approved by the Government before the cooperative association deposited any of the tobacco for storage. Its method of operation was known to the Commodity Credit Corporation at the time of the storage. A government witness testified on cross-examination that it was operated in the same manner as were other warehouses owned by the Eastern Dark Fired Cooperative in which it stored its own tobacco. Representatives of the Commodity Credit Corporation and the Tobacco Growers' Association made periodic inspections of the warehouse and its method of operation. The written reports on these inspections were satisfactory to the Government. No suggestions or requests were made that the method of operation be changed. The warehouse was kept clean of trash or rubbish, the weeds around the outside were kept mowed, and the employees who were in the warehouse almost every day were continually on the watch for leaks or anything out of the ordinary. There was no direct evidence as to how the fire started. Disregarding for the present some circumstantial evidence, hereinafter discussed, the foregoing evidence, in our opinion, was not sufficient to take the case to the jury on the issues of negligence and causation. Merchants Ice & Cold Storage Co. v. United Produce Co., 279 Ky. 519, 131 S.W.2d 469; Bellows v. Worcester Storage Co., 297 Mass. 188, 194, 7 N.E.2d 588; Parker v. Gulf Refining Co., 6 Cir., 80 F.2d 795, 796; Burk Hollow Coal Co. v. McCulley's Adm'r, 290 Ky. 435, 439, 161 S.W.2d 622.

With respect to the circumstantial evidence referred to above, the Government introduced evidence to the effect that some weeks before the fire some

boys made a hole through the wire netting which enabled them to enter the warehouse; that shortly before the fire a 17-year-old boy entered the warehouse through the hole; about ten minutes later he was seen outside the warehouse smoking a pipe; and about an hour later the fire broke out. Appellee's evidence, however, showed without contradiction that after the break in the wire was discovered it was promptly mended, that no notice was brought home to it of any other break in the wiring, and that if any such break actually existed it had not existed for sufficient time for the appellee to have learned about it before the fire. The witness who testified about the particlular entry shortly before the fire was a 12-year-old boy who on that day was under confinement in his mother's home for misconduct. The Assistant Chief of Police, who had been a police officer in that locality for 21 years, testified that the reputation of this witness for truth and veracity was bad, which testimony was uncontradicted. Other evidence was also introduced which showed that it was physically impossible for the witness to see from the place where the witness said he was that portion of the warehouse where he testified the unlawful entry was made. This testimony was also uncontradicted. In our opinion, the testimony of this witness lost the substantial character which it would have had if offered by another witness not so impeached. Chesapeake & O. Ry. Co. v. Thomason, 6 Cir., 70 F. 2d 860, 863; Cincinnati, N. & C. Ry. Co. v. Johnson, 281 Ky. 565, 567, 136 S.W. 2d 769; Couch's Adm'r v. Black, supra, 301 Ky. 24, 27, 190 S.W.2d 681; Lovas v. General Motors Corp., 6 Cir., 212 F.2d 805, 808.

■ Under either the Federal rule or the Kentucky rule a scintilla of evidence is not sufficient to require the submission of an issue to a jury. It is the trial court's duty to direct a verdict where the evidence is so conclusive that the Court in the exercise of a sound judicial discretion would set aside a verdict in opposition to it. Mutual Benefit Health & Accident Association v. Snyder, 6 Cir., 109 F.2d 469, 472; Equitable Life Assurance Society v. Johnson, 6 Cir., 81 F. 2d 543; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed 720; Nugent v. Nugent's Ex'r, 281 Ky. 263, 275, 135 S. W.2d 877. Appellee's motion for a directed verdict should have been sustained. Merchants Ice & Coal Storage Co. v. United Produce Co., supra, 279 Ky. 519, 131 S.W.2d 469; Fryrear v. Kentucky & Indiana Terminal R. Co., Inc., 310 Ky. 250, 256–257, 220 S.W.2d 546; Cincinnati, N. & C. Ry. Co. v. Johnson, supra, 281 Ky. 565, 136 S.W.2d 769; Lovas v. General Motors Corp., supra, 212 F.2d 805; Troutman v. Mutual Life Ins. Co., 6 Cir., 125 F.2d 769.

The judgment is affirmed.