Buster ROGERS, Administrator of the Estate of Warren Elmore Rogers, Plaintiff-Appellant,

v.

**BALTIMORE & OHIO RAILROAD CO.,**
Defendant-Appellee.

Frank PARKER, Plaintiff-Appellant,

v.

**BALTIMORE & OHIO RAILROAD CO.,**
Defendant-Appellee.

Nos. 15248, 15249.

United States Court of Appeals
Sixth Circuit.

Dec. 9, 1963.

David M. Sieman, Warren, Ohio, for appellants, Sieman & Sieman, Warren, Ohio, on the brief.

Jay C. Brownlee, Youngstown, Ohio, for appellee, Harrington, Huxley & Smith, Youngstown, Ohio, on the brief.

Before CECIL, Chief Judge, PHILLIPS, Circuit Judge, and TAYLOR, District Judge.

CECIL, Circuit Judge.

These appeals involve a railroad crossing collision between an engine of the Baltimore and Ohio Railroad Company, appellee, and an automobile driven by Frank Parker, one of the appellants. The other appellant is Buster Rogers, administrator of the estate of the deceased Warren Elmore Rogers, a passenger in the automobile who was killed in the collision. The cases were tried to a jury and resulted in verdicts in favor of the railroad company in both cases. Jurisdiction was invoked on the basis of diversity of citizenship, the amount claimed in each case being in excess of $10000. Sec. 1332, Title 28 U.S.C.

On the night of January 9, 1959, at about twelve o'clock to twelve twenty a. m., Frank Parker, with Warren Elmore Rogers as a passenger, was driving his automobile in a northerly direction on South Pine Street in the City of Warren, Ohio. At the point of intersection of South Pine Street and the Baltimore and Ohio railroad tracks the automobile and the engine collided, resulting in the death of Rogers and injuries to the person of Parker.

The tracks of the appellee, in crossing South Pine Street, run in a generally northeasterly and southwesterly direction. Tracks of the Pennsylvania Railroad Company cross this same street at a point about one hundred twenty feet south of the Baltimore and Ohio tracks. The driver of the automobile had to cross these tracks before reaching the appellee's tracks. The Pennsylvania Railroad has automatic signalling lights at its crossing which operate flashing lights when a train is approaching the crossing. No train was on the Pennsylvania tracks at the time of the collision in question and consequently the lights were not flashing. The only warning sign at the Baltimore and Ohio crossing was the statutory crossarm device.

The principal assignment of error is that the trial judge erred in determining as a matter of law that there was a failure of evidence to support the claim that the appellee was negligent in not having a headlight displayed or lighted and in not blowing its whistle or ringing its bell. The trial judge made this determination on the basis that "reasonable minds can come to but one conclusion on the evidence submitted."

We have examined all of the evidence from the original transcript of the proceedings in the trial court, and conclude that the ruling of the trial judge on these issues which he took away from the jury was supported by the evidence. In Hamden Lodge No. 517, I. O. O. F. v. Ohio Fuel Gas Co., 127 Ohio St. 469, 482, 189 N.E. 246, 251 the court said: "We permit the judge to say that there is no evidence to support a verdict. May he not equally be trusted to say whether there is any substantial evidence from which a rational conclusion may be drawn? * * * Before a verdict may be directed against a party, the evidence must be given the most favorable interpretation in his favor. If, after such

interpretation, the court finds that upon any material issue only an adverse conclusion can reasonably be drawn, it should direct a verdict against him." To the same effect is Lovas v. General Motors Corp., 212 F.2d 805, C.A. 6. We find no error on the part of the trial judge in determining as a matter of law that reasonable minds could not differ upon the issues of ringing the bell, blowing the whistle and approaching the crossing with the headlight lighted at the time of the collision.

 We are further of the opinion that this question cannot now be raised on this appeal. Counsel for the plaintiffs-appellants made only a general objection to the charge to the jury. No specific objection was made to any part of the charge and no request was made to the trial judge to charge upon the issues which are the subject of this appeal. The question concerning these issues arose first at the conclusion of all the evidence when counsel for the Baltimore and Ohio Railroad Company made a motion for a directed verdict. The judge denied this motion. He then announced that he was "withdrawing from the jury any consideration as to whether or not a bell was ringing or a horn was sounding or a light was on because I believe reasonable minds cannot differ on the evidence" as to these claims of negligence against the defendant-appellee.

No objection was made by counsel for appellants at that time. Counsel sought to correct the omission by a motion filed in the District Court on July 9, 1963, to correct the transcript and record. The trial judge sustained the motion by order of the same date and ordered the transcript amended by adding to the record, immediately after his ruling upon the motion for directed verdict, the words: "the following comment of the Court: Counsel for Plaintiffs argued against the Court's withdrawing from the jury the matter and issues of whether or not a bell

was ringing or a horn was sounding or a light was on the train. It is the opinion of the Court that counsel's argument against the withdrawal of said issues amounts to an objection."

The opinion of the judge that this amounts to an objection is supererogation. It is not binding on this Court. It is a proper correction of the transcript to show as a fact that counsel argued against the ruling. The question is, did the argument against the ruling, at that point, amount to an objection in compliance with Rule 51, F.R.Civ.P.?[1] We conclude that it did not. See Sucher Packing Co. v. Manufacturers Casualty Ins. Co., 245 F.2d 513, C.A. 6, cert. den., 355 U.S. 956, 78 S.Ct. 541, 2 L.Ed.2d 531.

 The substance of appellants' second assignment of error involves the matter of guarding the crossing by a member of the crew whose duty it was to see that all traffic on the highway was stopped before signalling a train to cross. There was conflicting evidence on this question. A question of fact was presented and it was submitted to the jury under proper instructions. No objection was made to the charge on this subject. The jury not only returned a general verdict for the defendant-appellee but found in answer to a special interrogatory that the Baltimore and Ohio Railroad Company was not negligent in any respect at the time and place of the accident on January 10, 1959. There is no merit to this claim.

Another assignment of error relates to a question defense counsel asked appellant Parker concerning a former conviction on a charge of impersonating an officer. The question was, "Mr. Parker, in January of 1962 were you charged with impersonating an officer and later found guilty of that charge in the City of Warren?" The witness answered that he pleaded guilty and was fined $25. The trial judge struck that answer from the record and instructed the jury to disre-

1. " * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its ver-dict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

gard it. He then stated: "The question is whether or not you were convicted of that charge—not what happened." The witness answered "yes." The further question was asked: "You were convicted of that charge?" Again the witness answered "yes." No objection was made to these questions and answers.

■■ The general rule is that questions concerning prior convictions are not proper unless the conviction was for a felony or a crime involving moral turpitude. See Henderson v. United States, 202 F.2d 400, C.A.6, and Smith v. United States, 283 F.2d 16, C.A. 6, cert. den., 365 U.S. 847, 81 S.Ct. 808, 5 L.Ed.2d 811, and cases therein cited. The question may have been improper but since no objection was made in the trial court one cannot now be made in this Court.

On redirect-examination, Parker's counsel asked: "Mr. Parker did you have a trial in court and produce witnesses in that case or were witnesses produced on behalf of the city or state?" The witness answered "No." Defense counsel objected to the question. The judge sustained the objection but did not strike the answer from the record. Parker's counsel went to the bench and said: "I merely wanted to ask Mr. Parker whether or not there was a trial on that case in open court and whether there were any witnesses produced on either side, and the court indicated I could not ask it, and I excepted to it." Actually, counsel had asked this question and the witness' answer "no" remained in the record.

■ The competency of a question concerning a prior conviction is derived as a carry-over from the common law. At common law a person who had been convicted of a felony was disqualified from testifying as a witness. In most states, including Ohio, and in the federal courts, a prior conviction does not disqualify a person from testifying but it may be considered as bearing on his credibility as a witness. Interrogation may concern only whether the witness has been convicted of a felony or a crime involving moral turpitude and it permits of no further proof or explanation. We find no error in the ruling of the court with respect to the evidence on the prior conviction of the appellant Parker.

■ The jury found that the defendant-appellee was not negligent in any respect. This finding was amply supported by the evidence. Nothing in connection with the ruling of the court to which this assignment of error is directed is inconsistent with substantial justice or affected the substantial rights of the parties. Rule 61, F.R.Civ.P.

The judgment of the District Court is affirmed.