**William R. McKEE, Plaintiff-Appellant,**

**v.**

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

**No. 16340.**

United States Court of Appeals
Sixth Circuit.

Jan. 21, 1966.

Marshall I. Nurenberg, Cleveland, Ohio, for appellant, John J. McCarthy, Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cleveland, Ohio, on the brief.

John F. Dolan, Cleveland, Ohio, for appellee, T. R. Skulina, Cleveland, Ohio, on the brief.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

William R. McKee, hereinafter referred to as plaintiff, initiated this action by charging his employer, The New York Central Railroad Company, hereinafter referred to as defendant, with negligence under the Federal Employers' Liability Act, 45 U.S.C., Sections 51 through 60, and amendments thereto. The jury returned a verdict for defendant. Plaintiff appeals.

In the evening hours of August 15, 1961, plaintiff, without the use of his switch lamp, was walking to a signal bridge shanty located on defendant's property. Plaintiff was sent to the shanty by his supervisor with orders to get the rest of the crew. In order to reach the shanty, it was necessary that plaintiff cross a bridge of simple construction. The bridge was not artificially illuminated. At the time of the accident, one of the boards in the platform or landing at the top of the steps leading to the bridge was missing. While walking up the steps, the plaintiff sustained an injury to his right knee when he stepped into the opening occasioned by the missing board.

The main assignment of error urged by the plaintiff is the failure of the trial court to submit to the jury an instruction

upon the doctrine of res ipsa loquitur. Plaintiff maintains that the refusal to charge on res ipsa loquitur denied him the inference to which he was entitled that defendant had knowledge or notice of the defect. A witness for the plaintiff testified that several weeks prior to the accident he had observed the board was missing, and that he had reported his observation to the yard master. The same witness gave a contrary statement to the defendant that there was no defect in the step or the board.

On the issue of notice the Court charged:

"3. * * * Defendant has a continuing non-delegable duty to exercise reasonable care to maintain such facility in a reasonably safe condition for use by its employees, which include a duty to exercise ordinary care to inspect and to discover and correct any defect which would render such facility unreasonably hazardous, if such defect was known, or in the exercise of ordinary care could and should have been known by the Defendant with reasonable opportunity to correct the defect. * * *

"4. * * * Actual notice is such notice as is proved to have been given to a party directly and personally, or such as he is presumed to have received personally because the evidence within his knowledge was sufficient to put him upon inquiry. While constructive notice is information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it. * * *

"5. * * * If you * * * find that the Plaintiff has proved, by a preponderance of the evidence, that the Defendant had Constructive Notice of the missing board and had reasonable time to repair the defect before the Plaintiff was injured, you should return a verdict for the Plaintiff. * * *

"6. * * * In determining whether ordinary care was used by the Railroad, you will consider whether the Railroad ought to have inspected and discovered the missing plank under the attending circumstances with reasonable opportunity to repair it. If an ordinary person under similar circumstances, or by the use of ordinary care, would have foreseen the result and would have taken precaution to avoid the result, then the performance of the act or the failure to take such precaution constitutes negligence. * * *"

The jury was instructed that they could find notice of the existing condition from the failure of the Railroad to effectively perform its non-delegable, continuing duty to use ordinary care to inspect and disclose and correct any defect which would render such facility hazardous. In addition to this charge on notice, the plaintiff also introduced testimony that the defendant was notified that the bridge was defective. The same witness testified on cross examination that he told the defendant there was no defect in the step. Because of the answer to Interrogatory No. 1, the jury apparently did not believe this witness.

In denying the motion for a new trial, the trial Judge said:

"In essence, the plaintiff seeks a new trial based upon the claim that the Court erred in refusing to give the plaintiff the benefit of an instruction upon the doctrine of res ipsa loquitur. The Sixth Circuit, in the case of O'Mara v. Pennsylvania R. R. Co., 95 F.2d 762, has declared when the doctrine of res ipsa loquitur is applicable, as follows:

"(9) 'The doctrine is one of necessity, applicable where the agency or place of the accident is accessible only to the defendant and under his control, and raises an inference of negligence requiring the defendant to explain the accident, if he may, on grounds

other than his negligence, when its nature is such as to make it probable that it would ordinarily not have happened except for his negligence.'

"In the instant case both parties have admitted that on August 15, 1961, the defendant had on its property what has variously been described as a wooden bridge, stairway, and platform south of the signal bridge shanty, and that the same constituted a railroad facility, under the exclusive possession and control of the defendant, which on the date involved herein was being held open for the use of the defendant's employees to gain access to the signal bridge shanty. It has been further admitted that on the night of August 15, 1961, at the time the plaintiff was traversing upon said facility, a board which formed a part of the walking surface thereof was missing, and that the plaintiff stepped into the opening occasioned by the absence of the board. Under these circumstances there is no necessity to use the doctrine of res ipsa loquitur."

We agree with the District Court that under these circumstances there was no necessity to apply the doctrine of res ipsa loquitur. Williamson v. Jones & Laughlin Steel Corp., 213 F.2d 246 (C.A. 6, 1954), and Miller v. Cincinnati, New Orleans and Texas Pacific Railway Co., 317 F.2d 693 (C.A.6, 1963), relied upon by the plaintiff, are not applicable for the reason that plaintiff's proofs here establish the defective condition of the bridge without the necessity of applying the doctrine of res ipsa loquitur. The Miller case holds that where the doctrine is applicable to permit an inference of a defective instrumentality, the inference must include all the essential elements of negligence, including an inference that the defendant had constructive knowledge of the defective instrumentality.

We find no error in the Court's charge to the jury, or in the submission of Interrogatory No. 1.

The judgment of the District Court is affirmed.