DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas which denied the motions of plaintiff-appellant, Cynthia Turner, for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motions were filed following a unanimous jury verdict in favor of defendants-appellees, Oralia and Juan Chapa. Turner's appeal only alleges error relating to the negligence claim against appellee, Oralia Chapa.
 {¶ 2} The relevant facts of this case are as follows. On November 28, 2001, Turner and Oralia Chapa were involved in an automobile accident in the Southland Shopping Center parking lot in Toledo, Ohio. The only witnesses to the accident were Turner and Chapa. Neither party called the police after the automobile accident.
 {¶ 3} On April 14, 2003, Turner filed a complaint along with a demand for a jury trial. Chapa filed an answer on June 24, 2003. Following discovery there was a two day jury trial, which resulted in a unanimous jury verdict for Chapa. At that trial, the following evidence was submitted.
 {¶ 4} Turner testified that she entered the Southland Shopping Center parking lot off an entrance on Byrne Road on the evening of November 28, 2001. Turner stated that she stopped at the first four-way stop intersection and then continued east through the parking lot along an aisleway towards Foodtown. Turner testified that while driving down the aisleway she was "T-boned" on the passenger side of her conversion van by a van driven by Chapa. Prior to the impact, Turner did not see Chapa's van. Turner stated that at the accident's location, Chapa, not she, had a duty to stop. Turner testified that the damages to her van were on the right, passenger side door and the sliding door. Turner and Chapa left the scene of the accident after exchanging information. Both automobiles were drivable.
 {¶ 5} Chapa testified that she entered the Southland Shopping Center parking lot off an entrance on Glendale Road. Chapa stated that she drove north along an aisleway to a four-way stop intersection. Chapa stated that while she was stopped at the intersection she observed the headlights of Turner's van turning off of Byrne Road and into the parking lot. Chapa testified that after stopping at the intersection, she looked for other traffic and then proceeded north across the intersection towards Sears, going no faster than 5 m.p.h. Chapa testified that Turner did not stop at the intersection, and she was hit by Turner's van while crossing the intersection. Chapa stated that Turner hit the front left fender of her van and then "brushed past" her van, causing the damage to Turner's van. Chapa's van was also damaged, in that the protective bars on the front of the van were pulled off by Turner's van during the accident.
 {¶ 6} Turner's expert witness, Neal Weiker, an automobile damage evaluator, testified that the damage to Turner's van was only on the passenger side door and sliding door. Weiker did not observe the accident, but he did prepare the damage estimate for Turner's van after the accident. He testified further that there was no damage to Turner's front right headlight area. Weiker stated that to cause the damage to the Turner's van, "a pretty significant force" or "a good hit" was required. He also stated that the biggest impact occurred on the side of the van between the passenger door and the sliding door, where the center pillar of Turner's van was located. On cross-examination, however, Weiker further testified that the passenger side door and sliding door were operable and could be locked. He also stated that the damage to Turner's vehicle could be consistent with having been struck by a vehicle that had a crash guard on its front end.
 {¶ 7} After deliberations the jury returned a unanimous verdict in favor of Chapa, and Turner was awarded no damages. On March 16, 2005, Turner filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. On April 19, 2005, Turner's motions for JNOV or, in the alternative, for a new trial were denied by the trial court. Turner now appeals the trial court's denial of her motions as well as the underlying jury verdict.
 {¶ 8} Turner raises two assignments of error:
 {¶ 9} "I The jury's verdict is against the manifest weight of the evidence."
 {¶ 10} "II The trial court abused its discretion in denying the Plaintiff-Appellant's motion for JNOV or, in the alternative, for a new trial."
 {¶ 11} In her first assignment of error, Turner asserts that the verdict reached by the jury was against the manifest weight of the evidence. It is well settled in Ohio that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris v. Foley Construction Co. (1978),54 Ohio St.2d 279, syllabus. Matters relating to the credibility of a witness at trial and/or the weight accorded to the evidence offered at trial are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. A reviewing court gives these determinations of fact great deference, as the trier of fact is best able to evaluate the credibility of the proffered testimony. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 12} Turner contends that the physical evidence of the automobile accident and the testimony of Chapa are irreconcilable. Turner bases this claim on the "physical facts rule" set forth in McDonald v. Ford Motor Co. (1975),42 Ohio St.2d 8, 12, quoting Lovas v. General Motors Corp. (1954),212 F.2d 805, 808, which states "`[T]he testimony of a witness which is positively contradicted by the physical facts cannot be given probative value by the court.'" The rule has also been formulated as: the trial court is required to take the case from the jury where the untruthfulness of a witness's testimony is obvious. The untruthfulness is obvious where the testimony is "`(1) inherent in rejected testimony, so that it contradicts itself, or (2) irreconcilable with facts of which, under recognized rules, the court takes judicial knowledge, or (3) is obviously inconsistent with, contradicted by, undisputed physical facts.'" Id. at 12-13, quoting Duling v. Burnett (1938), 22 Tenn.App. 522. In order for testimony to come under the "physical facts rule," is must be obviously inconsistent with or contradicted by undisputed physical facts. Id. (emphasis added)
 {¶ 13} "In automobile accident cases, the courts have looked to the particular facts of the cases to determine whether physical evidence conclusively favored one of the parties." Id.
at 13, citing Black v. Berea (1941), 137 Ohio St. 611. The court in McDonald, supra at 13, stated that estimates of the speed or location of movable objects are not physical facts. The court concluded in McDonald that for the "physical facts rule" to apply, the circumstantial evidence of physical facts must be so conclusive as to wholly rebut the oral testimony contrary to those facts. Id. at 14. In Pullins v. Vallery (Nov. 1, 1995), 4th Dist. No. 94CA544, the court cautioned that "the physical facts rule will not be applicable in every automobile accident case where an * * * expert testifies. Undoubtedly, there will be many times where the physical evidence itself is not conclusive, regardless of expert testimony as to how an accident occurred."
 {¶ 14} In the present case, the testimony of Turner's expert witness did not conclusively establish how the impact occurred in the case at bar. Weiker established that the damage to Turner's van was consistent with a "t-bone" impact and required "a good hit" to do such damage. He also stated that there was no damage to the front of Turner's van. Weiker's testimony, however, did not show that such damage was inconsistent with Chapa's theory of the accident, that Turner's van "brushed past" her van causing the damage. Turner presented no photographs of the accident or of the actual damage to her van, only representative photographs were used. Weiker's testimony failed to show that Chapa's theory of the accident was obviously inconsistent with the damage done to Turner's van. Accordingly, the jury was not required to ignore Chapa's testimony under the physical facts rule.
 {¶ 15} Neither Turner's nor Chapa's testimony conclusively established physical facts in this case. Their testimony regarding the accident related primarily to the location of the collision in the Southland Shopping Center parking lot, the location of their vans during the collision, and the speed of the vehicles involved in the collision. As testimony concerning location of movable objects or speed cannot establish physical facts, it was up to the jury to evaluate the credibility of the witnesses and the weight to be accorded to the evidence offered. Upon consideration of the evidence, we cannot say that the jury's verdict was against the manifest weight of the evidence. Appellant's first assignment of error is not well-taken.
 {¶ 16} In her second assignment of error, Turner asserts that the trial court abused its discretion in denying her motion for JNOV, or in the alternative, for a new trial.
 {¶ 17} In reviewing the denial of a Civ.R. 50(B) motion for a JNOV, this court applies the same standard as that applied on a motion for a directed verdict. Osler v. Lorain (1986),28 Ohio St.3d 345, 347. The question presented is one of law; therefore, review of the motion does not entail a weighing of the evidence or an assessment of the credibility of the witnesses. Id. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record are construed most strongly in favor of the party against whom the motion is made, and, where reasonable minds could, upon this evidence, reach different conclusions, the motion must be denied. Posin v. A.B.C. MotorCourt Hotel (1976), 45 Ohio St.2d 271, 275.
 {¶ 18} The evidence in this case was provided by the testimony of Chapa, Turner, and Weiker. Their testimony and the physical facts of the damage to Turner's van establish two theories of the accident, neither of which was conclusively established by the evidence. As reasonable minds could reach different conclusions after assessing this evidence, the trial court did not err in denying the motion for JNOV.
 {¶ 19} In the alternative, Turner appeals the denial of the motion for a new trial under Civ. R. 59(A)(6). This court has stated that:
 {¶ 20} "[In] determining whether a new trial should be granted pursuant to Civ. R. 59(A)(6), a trial court may consider whether the verdict resulted from the jury's failure to consider an element of damages that was established by uncontroverted evidence [or] whether the verdict cannot be reconciled with the undisputed evidence in the case. * * * The trial court also `should abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result.' Moreover, a new trial may not be granted where the verdict is supported by competent, substantial and apparently credible evidence." Tasch v. Chancey (Mar. 1, 2002), 6th Dist. No. 0T-00-051 (citations omitted). See, also, Rohde v. Farmer
(1970), 23 Ohio St.2d 82, 92.
 {¶ 21} Our analysis above regarding the "physical facts rule" determined that the jury's verdict was not contrary to uncontroverted or undisputed evidence. The analysis above also established that the jury's assessment of the credibility of the witnesses was appropriate. The jury's verdict was not clearly erroneous and was supported by competent, substantial and apparently credible evidence. The trial court did not err in denying Turner's motion for new trial.
 {¶ 22} Turner's second assignment of error is not well-taken.
 {¶ 23} On consideration whereof the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. concur.