236 F.2d 774
 Monica Eleanor IRWIN, as Administratrix of the goods,
chattels and credits of George A. L. Irwin,
Deceased, Libelant-appellant.
v.
UNITED STATES of America, Respondent-Appellee-Appellant, and
Nicholas J. Nicolaou, Respondent-Impleaded-Appellee.
 No. 360, Docket 23305.
 United States Court of Appeals Second Circuit.
 Argued June 4, 1956.
Decided Sept. 7, 1956.
 
 Jacob Rassner, New York City for libelant-appellant.
 Leonard P. Moore, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Haight, Gardner, Poor & Havens, J. Ward O'Neill, James M. Estabrook, Robert M. Julian, New York City, of counsel), for respondent-appellee-appellant.
 Kirlin, Campbell & Keating, New York City (Joseph M. Cunningham, Vernon S. Jones, New York City, of counsel), for respondent-impleaded-appellee.
 Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 George A. L. Irwin brought this libel in the United States District Court for the Eastern District of New York against the United States of America as owner of the S.S. Marine Perch to recover for injuries suffered in the course of Irwin's employment as assistant surgeon on the Marine Perch. The United States impleaded Nicholas J. Nicolaou, owner of the S.S. Nicolaou Maria for indemnity in the event of recovery by Irwin against the United States.
 
 
 2
 George A. L. Irwin having died subsequent to the rendition of the decree of the court below and prior to the argument of this case on appeal, Monica Eleanor Irwin, his administratrix, has been substituted as party libelant.
 
 
 3
 The findings of fact and the decree of the trial court are amply discussed and set forth in Irwin v. United States, D.C.E.D.N.Y.1953, 111 F.Supp. 912.[1] These findings of fact are supported by sufficient evidence and cannot be held to be clearly erroneous.
 
 
 4
 Libelant appeals from that part of the decree of the trial court dismissing libelant's cause of action for alleged unseaworthiness and negligence. On this appeal libelant for the first time invokes the doctrine of res ipsa loquitur and contends that the trial court's finding that the accident was not the result of the negligence of the crew of the Marine Perch was erroneous as a matter of law. There is no need for us to consider whether the doctrine of res ipsa loquitur may be raised here for the first time, because it can give libelant no aid.
 
 
 5
 Libelant contends that because Irwin was in no way responsible for the accident, and because the lifeboat in which Irwin was being carried at the time of the accident was in the exclusive control of the ship, that therefore the ship must have been responsible for the accident. Libelant, however, ignores the trial court's finding of fact that the accident was caused by an unpredictable 'freak swell' of the sea and that it was not the result of any fault on the part of the ship. Even the United States is not master of the sea and the wind, and the doctrine of res ipsa loquitur is inapplicable where the defendant does not have control of the agency causing the accident. Manhat v. United States, 2 Cir., 1955, 220 F.2d 143, certiorari denied 349 U.S. 966, 75 S.Ct. 900, 99 L.Ed. 1288; O'Mara v. Pennsylvania R. Co., 6 Cir., 1938, 95 F.2d 762. Cf. Franklin Transp. Co. v. Great Lakes Towing Co., D.C.N.J.1916, 237 F. 432, affirmed, 3 Cir., 1918, 248 F. 1019.
 
 
 6
 We hold therefore that the doctrine of res ipsa loquitur is not applicable to the facts of this case, and we will not disturb the trial court's findings of fact on other aspects of this case.
 
 
 7
 Having thus disposed of libelant's only ground for reversal, the judgment will be affirmed.
 
 Affirmed.[2]
 
 
 [1]
 The trial judge in his decree dismissed libelant's cause of action for alleged unseaworthiness and negligence for failure of proof, awarded libelant $7,300 for maintenance and cure which award is not questioned on this appeal, and dismissed the impleading petition against Nicholas J. Nicolaou for failure of proof. 111 F.Supp. 912, 919
 
 
 [2]
 In the event that we had reversed the trial court's decree in favor of the United States on the issue of negligence, we would have been required to consider an appeal by the United States from that portion of the decree dismissing its claim for indemnity against Nicholas J. Nicolaou. See 111 F.Supp. 912. This question is now moot