**A. A. BROOKS, Appellant,**

v.

**JACK'S COOKIE COMPANY,**
Appellee.

No. 7266.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 18, 1956.

Decided Nov. 7, 1956.

Edward M. Woodward, Columbia, S. C.
(Cunningham & Brandon, and Edens &
Woodward, Columbia, S. C., on brief),
for appellant.

James O. Moore, Charlotte, N. C., and
R. B. Herbert, Jr., Columbia, S. C.
(Herbert & Dial, Columbia, S. C., and
Lassiter, Moore & Van Allen, Charlotte,
N. C., on brief), for appellee.

Before SOPER, FAHY and SOBEL-
OFF, Circuit Judges.

SOPER, Circuit Judge.

On an earlier appeal in this case we
held that A. A. Brooks, then and now
the appellant, was entitled to present to
the jury a claim for damages based on
the ground that, in accordance with an
arrangement between him and Jack's
Cookie Company, he had set up a system
for the distribution of goods manu-
factured by it and sold by him on a com-
mission basis and that the company had
terminated the agency without just
cause. See 227 F.2d 935. We followed

the rule laid down in Williston on Contracts, § 1027(a) p. 2852, and in the Restatement of Agency, § 442 Comment (c), and other authorities, to the effect that if a manufacturer appoints an agent not merely to sell goods but the agent, in addition to making sales, furnishes additional consideration, as when he sets up a distributive system for the manufacturer's goods and his compensation is measured by the amount of goods sold in the territory assigned to him, the manufacturer is not at liberty to terminate the agreement at will, even though the agreement contains no provision for its termination, but must retain the agent in the employment for a reasonable period of time. In a subsequent decision, Allied Equipment Co. Inc. v. Weber Engineered Products, Inc., 4 Cir., 237 F.2d 879, we stressed the right of such an agent, upon the termination of the agency by the principal without sufficient cause, to recover the amount of the agent's unrecouped expenditures as a circumstance to be considered by the jury in determining what was a reasonable period of time for the continuation of the agency in a given situation.

Upon the second trial of the pending case in the District Court this issue was submitted to the jury. It was shown by Brooks that he had appointed a number of sub-agents and had set up at considerable expense an extended system for the distribution and sale of the company's goods. On its part there was evidence tending to show that Brooks was paid, upon the termination of the agency, the sum of $2,600 over and above the commissions on sales made by him, and the company also defended on the grounds that Brooks had broken a promise he had made when he assumed the agency not to take on any more lines in addition to Jack's, and that he had not faithfully and efficiently carried out his part of the business. The jury found a verdict for the defendant.

The first ground of the appeal is that the District Judge in submitting the case to the jury did not follow the rule laid down in the prior decision of this Court.

Especial objection is taken to a portion of the charge in which the judge told the jury that if they should conclude "that over and above promising to make sales, the plaintiff agreed to devise or originate or set up some system of distribution for which he was to be paid as well as for his sales, then the contract supposedly under this decision would run for a reasonable time to be determined by you in the light of all the facts and circumstances in this case." It is contended that this instruction was erroneous, for it seemed to make the right of recovery depend upon the existence of an express promise on the part of the company to pay for setting up the system, whereas the right to recover under the approved rule is founded upon the implied promise of the principal to retain the agent for a reasonable time after he has performed the service of setting up the distribution system for which no compensation in addition to the commission on sales has been agreed upon. This criticism would be entitled to serious consideration were it not for additional portions of the charge in which it was made clear to the jury that the right to recover depended upon the circumstances of the case rather than an express promise to compensate the agent for setting up the system. The judge also charged the jury in the following words:

"So, you have then for consideration the issue of whether or not the plaintiff was employed to formulate and to put into effect a system or simply to operate a system agreed upon. Should you conclude that the contract here falls within that class of contracts which, while no time was fixed, was to run for a reasonable time—that is, a contract that involved the doing of something other than the selling of goods for the benefit of the defendant in this case by the plaintiff—then you have the different problem of determining what is a reasonable time.

\* \* \* \* \* \*

"Now, Gentlemen of the Jury, you have still another question here de-

pending on whether or not you find that there has been a breach of the contract in the sense of the law as I have undertaken to explain it to you. If you do, then you will return a verdict for the plaintiff in such an amount as reasonably compensates the plaintiff for any damage he has suffered by reason of the breach of the contract, if his discharge was a breach of contract.

\* \* \* \* \* \*

"What was a reasonable time to do this thing that plaintiff claims he was to do? \* \* \* Then how much longer reasonably should he have had the benefit of commissions growing out of that set-up to compensate him for the character of service that he performed.

\* \* \* \* \* \*

"Now, on the other hand, if you weigh all that and you say that this contract under your finding should have gone for a reasonable length of time, and that they terminated it before a reasonable length of time, what should he have? If you reach the conclusion that he should be compensated to the extent of twenty-five or twenty-six hundred dollars, then he has already received it. You can't pay him twice, if that is the limit. On the other hand, if you should conclude that he is entitled to twice that, he having already received a part of it, then you deduct the part he has already received and find a verdict for what is left. In other words, he has no right to be paid fully for the same wrong twice. He can only be paid once."

■■ In view of these explicit instructions, we do not think the jury could have been led to believe that an express promise on the part of the manufacturer to pay the agent for setting up the distribution system was essential to recovery in this case. It may be added that at the conclusion of the charge of the judge in the District Court the attorney for Brooks did not raise the point which he is now making when called upon by the judge to state his objections, if any, to the charge. He merely excepted on the ground that the District Judge in charging the jury did not use the precise words employed by this Court in its prior decision; but it is well established that there is no error in failing to give an instruction in the precise words of the request if the substance of the law is clearly and correctly stated in the charge, and that, in our opinion, was done in this instance.

■ A minor objection urged by the appellant was directed to the exclusion by the District Judge of the stubs of Brooks's check book, which contained the only entries of his income and expenses made during the period of the agency. We think there was no error in the ruling. The check stubs showed not only the income and outgo of Brooks as the agent of Jack's Cookie Company, but many other items relating to the personal affairs of himself, his wife, an employment agency which he maintained, and several lines of merchandise of other manufacturers whom he represented, as well as advertising expense without showing to what the advertisement related. Apparently Brooks desired to use the check stubs to show that, in addition to a share of the commissions earned on the sales of Jack's Cookie goods, he paid additional amounts to his salesmen to promote the sales of these goods, which sums were taken from commissions earned by him on the sale of other goods. It is obvious that the records offered in evidence contained a mixture of items, some of which were relevant and some of which had nothing to do with the controversy before the Court; but the offer was not accompanied by a tabulation of the relevant items and no segregation of the pertinent items was offered in evidence. Furthermore, Brooks was permitted, after the check stubs were excluded, to show through his own testimony and through the testimony of an accountant and exhibits prepared by him

the total sales of the goods of the Jack's Cookie Company made by Brooks, the commission at 5% thereon, the proportion thereof, to wit, 4% paid to his force of salesmen, and the amount of his traveling expenses incurred on behalf of the Jack's Cookie Company, none of which evidence was controverted by the defendant company. Under these circumstances, we are of the opinion that Brooks had a fair opportunity to present his case to the jury and that no error was committed in the Court's ruling on testimony.

Affirmed.