**William A. STRICKLAND, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17271.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 20, 1963.

Decided March 7, 1963.

Mr. John A. Shorter, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. Barry I. Fredericks, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

■■ Strickland was tried and convicted of second degree murder. On appeal he urges that the District Court erred in not granting a verdict of acquittal by reason of insanity because the government failed to meet its burden of proof on the issue of defendant's sanity. Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). The defense called two psychiatrists, one psychologist and a nurse. One psychiatrist testified that defendant was suffering from a mental disease and that the crime was a product thereof. The other defense psychiatrist testified that defendant was suffering from a mental disease but expressed no opinion on the product question. The psychologist and the nurse also gave testimony which tended to show that defendant was suffering from mental illness. The government, in rebuttal, called two psychiatrists; both testified that the defendant was not suffering from mental disease, but was malingering. The conflict in the expert testimony created a question of fact for the jury. McDonald v. United States, D.C.Cir., 312 F.2d 847 (1962). Our examination of the expert testimony on the issue of mental disease leads us to the conclusion that the government presented sufficient evidence to allow the jury to conclude that the defendant was not suffering from a mental disease.

■ The second contention made by appellant is that the District Court erred in refusing to allow defense counsel to elicit from a witness, who was a clinical

psychologist, a medical opinion concerning appellant's mental condition. Cf. Jenkins v. United States, 113 U.S.App. D.C. 300, 307 F.2d 637 (1962). But in fact the witness, before leaving the stand, did succeed in expressing his opinions at some length. Defense counsel made no clear proffer or objection, and appeared content with the course the proceedings took. Moreover the psychiatrists who testified for the defense made full use of the tests employed by the psychologist.

The judgment of the District Court is Affirmed.