**BEATY SHOPPING CENTER, INC.,**
Appellee,

v.

**The MONARCH INSURANCE COMPANY OF OHIO, a corporation,**
Appellant.

No. 8766.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 15, 1963.

Decided March 15, 1963.

Wesley M. Walker, Greenville, S. C. (J. D. Todd, Jr., David A. Quattlebaum, III, Greenville, S. C., John M. Spratt, York, S. C., and Leatherwood, Walker, Todd & Mann, Greenville, S. C., on brief), for appellant.

John H. Lumpkin, Columbia, S. C. (C. W. F. Spencer, Jr., Rock Hill, S. C., and W. C. Boyd, Columbia, S. C., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and CRAVEN, District Judge.

CRAVEN, District Judge.

After the roof of its place of business literally fell in, plaintiff Beaty Shopping Center, Inc. (hereinafter called "Beaty") sought to recover from defendant Monarch Insurance Company of Ohio (hereinafter called "Monarch") under an extended coverage insurance policy including "direct loss by windstorm". The loss occurred on July 9, 1959, at Rock Hill, South Carolina.

From a jury verdict and judgment in favor of Beaty, Monarch appeals, contending that:

(1) It was entitled to a directed verdict and subsequently to judgment notwithstanding the verdict on the grounds that the evidence was insufficient to support a reasonable inference that there was a windstorm and that the collapse of the roof of Beaty's building was directly caused by a windstorm rather than by the weight of accumulated rain and other factors;

(2) Alternatively, that Monarch is entitled to a new trial because:

(a) The district judge erred in admitting certain evidence;

(b) The district judge erred in refusing to give certain requested instructions to the jury.

## REFUSAL TO DIRECT VERDICT OR GRANT MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

Viewed in the light most favorable to Beaty, there was evidence tending to show that on July 9, 1959, (1) the center of tropical storm "Cindy" was temporarily located fifty to sixty miles from Rock Hill; (2) canvas canopies (including the metal frames) in a nearby cemetery were twisted and torn by wind; (3) plate glass windows in Beaty's store front were blown out immediately before or at the time the roof fell in; (4) opening the rear door of the store was difficult—raising an inference of different atmospheric pressures within and without the building; (5) that Monarch's independent adjuster authorized payment of a wind damage claim occurring the same day to a dwelling five hundred feet from Beaty's building; (6) there was a strong wind as well as a torrential rainfall in and around Rock Hill. Beaty also introduced the opinion testimony of an engineer, qualified as an expert, that even though the damaged building's roof had certain structural deficiencies, the amount of rainwater that had accumulated on it could not alone have caused it to collapse.

■■ In the federal courts, a mere scintilla of evidence is not sufficient to require the submission of an issue to the jury. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720 (1930); Mann v. Bowman Transportation, Inc., 300 F. 2d 505 (4th Cir., 1962); Jones v. Traveler's Protection Association of America, 70 F.2d 74 (4th Cir., 1934); United States of America v. J. E. Bohannon Co., 232 F.2d 756 (6th Cir., 1956). But on a motion for directed verdict the evidence and inferences to be drawn therefrom must be considered in the light most favorable to the party against whom the motion is directed. Cranston Print Works Co. v. Public Service Co. of N. C., 291 F.2d 638 (4th Cir., 1961). If they are such that reasonable men might reach different conclusions thereon, the motion must be denied and the issues submitted to the jury. Atlas Building Products Co. v. Diamond Block & Gravel Co., 269 F.2d 950 (10th Cir.); cert. denied 363 U.S. 843, 80 S.Ct. 1608, 4 L.Ed.2d 1727 (1959).

■ The record on appeal in this case supports the district court's conclusion that Beaty had presented evidence of such substance as to require that the issues be submitted to the jury.

■ This court cannot redetermine the facts found by a jury. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed. 2d 798 (1962).

## ADMISSION OF EVIDENCE

■ Over Monarch's objections, the trial judge allowed Kronberg, a climatologist employed by the United States Weather Bureau in South Carolina, to testify in explanation of a weather map to the path followed by "Cindy". Also, over objection, the district judge admitted into evidence the weather map upon which Kronberg had plotted the course of "Cindy", using teletype reports furnished by Bureau offices in Miami, Florida, and Washington, D. C.

Monarch contends on appeal that neither Kronberg's testimony nor the map prepared by Kronberg in his official capacity should have been admitted into evidence for the reason that the Miami and Washington reports were never authenticated in accordance with Rule 44(a) of the Federal Rules of Civil Procedure or any other rules and the map and testimony based thereon are hearsay.

■ Rule 44(a) is directed toward the authentication of *copies* of official records and is designed to dispense with the necessity of bringing custodians of records to court as witnesses for the purely formal purpose of authentication. Since Kronberg testified to nothing of consequence except the matters contained in the map and official report, his presence in court could have been avoided by resort to authentication of copies under Rule 44(a). That Beaty did *more* than required and had Kronberg present with the *original* map and official report does not occasion just cause for complaint. Obviously, no problem of "authentication" exists in this case for the simple reason that the Washington and Miami reports were neither offered nor received in evidence. That the map incorporated the Washington and Miami reports of which Kronberg had no personal knowledge goes only to weight and not admissibility. 28 U.S.C.A. § 1732(a) [1]; Moran

v. Pittsburgh—Des Moines Steel Co., 183 F.2d 467 (3rd Cir., 1950); La Porte v. United States, 300 F.2d 878 (9th Cir., 1962).

■ Monarch also contends that the weather map and testimony explaining it. should have been excluded because weather conditions miles from Beaty Shopping Center and reported by distant weather stations were too remote to be of any probative value.

The modern trend is, as stated by the late Chief Judge John J. Parker, "to admit in evidence any matter which throws light on the question in controversy, leaving (it) to the discretion of the trial judge to hold the hearing within reasonable bounds * * *." United States v. 25,406 Acres of Land, 172 F.2d 990, 995 (4th Cir., 1949). Whether the evidence concerning "Cindy" and the path she followed was too remote to be of probative value was a matter for the trial court's judgment, and its ruling in that respect was not an abuse of discretion. Hawkins. v. Missouri Pac. R. Co., 188 F.2d 348, 351 (8th Cir., 1951).

■ Monarch next contends that the trial judge erred in admitting into evidence an insurance rating certificate on. Beaty's building made by the South Carolina Inspection and Rating Bureau and in allowing testimony thereon. Monarch objected only on the ground that such: evidence was not "pertinent". The district judge admitted it for "whatever it is worth".

At the trial Monarch raised the defense that Beaty's building was poorly constructed and collapsed for that reason.. The district judge made it very clear that he was admitting the above evidence for the restricted purpose of meeting that defense by attempting to show that. the insurance rating on the building was more consistent with good construction. than poor construction.

---

I. The statute provides that records made in the "regular course of business" shall be admissible in the United States courts and that "circumstances of the making of such * * * record, *including lack of*

*personal knowledge by the entrant or maker*, may be shown to affect its weight, but * * * *not* * * * its admissibility." (emphasis added)

Monarch strenuously urges that the inspection was solely for the purpose of determining *fire* insurance rates and had nothing to do with the adequacy of construction and design from the viewpoint of windstorm risks. Whether this be true or not is not ascertainable from evidence offered in the court below. Beaty's contention to the contrary is not demonstrably false. Irrelevancy certainly does not appear beyond doubt. See: 20 Am. Jur. Evidence section 250.

The determination of the relevancy of proof offered at the trial is a matter resting largely within the sound discretion of the trial court, and is not ordinarily reviewable upon appeal. 20 Am.Jur. Evidence section 247; 31 C.J.S. Evidence §§ 158, 159, and cases cited.

Monarch's assignments of error relating to evidence are without merit. See: Rule 61, Federal Rules of Civil Procedure.

## REFUSAL TO GIVE REQUESTED INSTRUCTIONS

Monarch complains because the district judge failed and refused to give certain instructions to the jury in the precise form requested. We have carefully compared the court's charge to the jury with the refused instructions. Error does not appear. The district judge is not required to use counsel's verbiage. So long as the law is clearly and correctly stated, he may couch it in his own language. Halecki v. United Sandy Hook Pilots Association, 282 F.2d 137, 140 (2d Cir.), cert. denied 364 U.S. 941, 81 S.Ct. 461, 5 L.Ed.2d 372 (1961); Brown v. Addressograph-Multigraph Corp., 300 F.2d 280 (6th Cir., 1962); Wiper v. Erie Sand Steamship Co., 293 F.2d 491 (2d Cir., 1961); Brooks v. Jack's Cookie Co., 238 F.2d 69 (4th Cir., 1956); and see Barron & Holtzoff, Federal Practice & Procedure section 1102 (Rules Ed.). Indeed, it is the better practice that he do so. As Chief Judge Murrah of the Tenth Circuit said:

"We know as a practical matter that most requested instructions are colored with the advocate's view of his client's cause, and cannot be given in the requested language. Moreover, the instructions are not required to be in writing or in the abstract. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321. They should be, and usually are, given orally, in logical sequence and in the 'common speech of man', so that the laymen to be guided thereby, will have an intelligent understanding of their true meaning."

Downie v. Powers, 193 F.2d 760 at 766, 767 (10th Cir., 1951).

Affirmed.