**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Scott Newton BROWN, Defendant-Appellant.**

**No. 16325.**

United States Court of Appeals Sixth Circuit.

Dec. 29, 1965.

Emmett R. Moore (Court Appointed), Cincinnati, Ohio, Kennedy, Moore & Heilker, Cincinnati, Ohio, for appellant.

B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on brief, for appellee.

Before O'SULLIVAN, Circuit Judge, and McALLISTER and CECIL, Senior Circuit Judges.

CECIL, Senior Circuit Judge.

The defendant-appellant, Scott Newton Brown, hereinafter referred to as defendant, was convicted on all counts of a twenty-count indictment in the United States District Court for the Eastern District of Tennessee, Southern Division. The charge on each count was that he, having devised a scheme to defraud by means of false representations, used the United States mails in violation of Section 1341, Title 18, U.S.C.

Briefly stated, the facts are as follows: The defendant was the president and principal stockholder of a corporation known as First Trust Company, incorporated under the laws of Tennessee and doing business in Chattanooga, Tennessee. The affairs of First Trust were controlled and dominated, throughout the period in question, by the defendant. The business of this company was, in part, making loans on real estate and selling them to permanent investors. In

the operation of its business, First Trust had an agreement with Chase Manhattan Bank of New York whereby First Trust would pledge mortgages to Chase as security for loans from Chase. Pioneer Bank of Chattanooga was depository for Chase to receive and hold the collateral deposited by First Trust. Under the agreement, withdrawals from the depository by First Trust were to be made only upon payment of the loan or for the purpose of being transmitted to a permanent investor. The gist of the offense is that the defendant withdrew mortgages from the depository without payment of the loans and repledged them to First National Bank of Boston for loans from that bank.

The case was tried to a jury and upon the return of a guilty verdict and denial of a motion for new trial the defendant appealed to this Court.

One of the assignments of error is that the district judge excluded certain evidence which prevented the defendant from showing that he acted in good faith. On cross-examination of Bernard J. Cassady, assistant vice-president of Chase Manhattan Bank, the trial judge restricted counsel for the defendant from showing that the withdrawal of a single mortgage would not materially jeopardize the whole pool of securities for the total amount loaned by the bank. In other words, if the total amount of the mortgages left on deposit was more than the total amount of the loan, there could be no fraud. The trial judge also sustained an objection to questions asked the defendant as to whether First Trust was insolvent or whether it had ample assets.

We are of the opinion that the ruling of the trial judge on these evidentiary questions was correct. In his opinion denying the motion for new trial, he said:

"The issue in this case was not whether a scheme existed to avoid payment of the indebtedness, but whether a scheme existed to deprive the bank of their collateral. The issue in this case was not the adequacy or inadequacy of the collateral to pay the secured indebtedness, nor was it the intent or lack of intent to pay the indebtedness, but rather was whether any scheme to fraudulently remove collateral existed. With the issue thus in mind it is apparent that cross-examination of the witness with regard to the value or adequacy of collateral remaining was not relevant to the issue of fraud with regard to collateral removed, and such evidence, if admitted, would only serve to confuse rather than assist the jury.

\* \* \* \* \* \*

"Again the issue was not whether First Trust Company \* \* \* was insolvent, as inquired of by defense counsel in ground six. The issue was not whether First Trust Company could or did eventually pay the indebtedness to the Chase Bank. The issue was whether any scheme to defraud Chase Bank of collateral existed."

We agree.

Another assignment of error relates to the trial judge's charge to the jury on character testimony. Counsel for defendant requested the following instruction:

"Testimony has been introduced touching upon the good character and reputation of the defendant. Where one is charged with crime, it is permissible that evidence be introduced relating to the good character and reputation of the defendant. This is upon the proposition that one of good character is less likely to commit a crime than one of bad character and reputation. You are instructed that such evidence may be considered by the jury, together with all other facts and circumstances of the case, in reaching the ultimate conclusion of guilt or innocence. You are further charged that such evidence, when considered in connection with the other evidence in the case, may of itself generate a reasonable doubt as to the guilt of the defendant."

The trial judge refused this request and instructed the jury on character witnesses, as follows:

"Where character witnesses are presented on behalf of a defendant, this testimony should be considered by you along with all the other testimony and should be considered for, one, to strengthen the presumption of innocence of the defendant, and second, it may be looked to in considering the weight to be given to the defendant's testimony as a witness."

■■ The trial judge is not required to give a requested charge, even if it is an accurate statement of the law, if he gives an instruction that is fair, clear and adequate. Eastern Air Lines, Inc. v. American Cyanamid Company, 321 F.2d 683, 689, C.A.5; Beaty Shopping Center, Inc. v. Monarch Ins. Co. of Ohio, 315 F.2d 467, 471, C.A.4; Erie R. Co. v. Lade, 209 F.2d 948, 951, C.A.6; Brooks v. Jack's Cookie Company, 238 F.2d 69, 71, C.A.4. The charge as given on the subject of character evidence was fair and adequate and in conformity with Poliafico v. United States, 237 F.2d 97, 114, C.A.6, cert. den. 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597, rehearing den. 353 U.S. 931, 77 S.Ct. 718, 1 L.Ed.2d 725. See also United States v. Lowenthal, 224 F.2d 248, 249, C.A.2; United States v. Klass, 166 F.2d 373, 379–380, C.A.3; Hoback v. United States, 284 F. 529, 533, C.A.4; Moore v. United States, 254 F.2d 213, 221, C.A.5, cert. den. 357 U.S. 926, 78 S.Ct. 1371, 2 L.Ed.2d 1370; Sunderland v. United States, 19 F.2d 202, 215, C.A.8; Kasper v. United States, 225 F.2d 275, 278, C.A.9; Marzani v. United States, 83 App.D.C. 78, 168 F.2d 133, 139, C.A.D.C., affirmed by equally divided court 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, affirmance upheld on rehearing 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075.

We find no error on the part of the trial judge in refusing to give the requested charge.

Judgment of the District Court is affirmed.