**UNITED STATES of America,
Plaintiff,**

v.

**John Leonard BOND and Ralph Edward
Teague, Defendants.**

**Crim. A. No. C-7109.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 10, 1970.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

James H. Epps, III, Johnson City, Tenn., for defendant Bond.

Ben W. Hooper, II, Newport, Tenn., for defendant Teague.

## MEMORANDUM OPINIONS AND ORDERS

NEESE, District Judge.

The defendant Mr. John Leonard Bond was convicted by a jury for having taken

some $30,000 belonging to the Broadway shopping center branch of the National Bank of Newport, Tennessee on October 18, 1969, by force and violence, from the persons and presences of Mr. W. E. Butcher and Miss Linda Farmer, and for having simultaneously put in jeopardy the lives of Mr. Butcher and Miss Farmer by the use of a dangerous .38 revolver, 18 U.S.C. § 2113(a), (d), as charged in the first count of the indictment herein. He moves timely for a new trial, on the grounds that the evidence was insufficient to submit the issue of his guilt or innocence to the jury or to support substantially the verdict returned, and that the Court erred in instructing the jury as was done and in denying his requests for special instructions to the jury. Rule 33, Federal Rules of Criminal Procedure.

■ There is no merit to the claim of insufficiency of the evidence: both Miss Farmer and Mr. Butcher identified Mr. Bond as the person who committed each of the acts charged in the first count of this indictment. The jurors were instructed to consider whether this defendant had been identified beyond a reasonable doubt as such culprit.

The principal complaint of Mr. Bond is that the prosecution did not carry its burden of proving him sane beyond a reasonable doubt, after his sanity was placed in issue. Three psychiatrists were offered as expert witnesses: Dr. Henry B. Dearman and Dr. David Graham Hubband, respectively, testified in effect, that it was the opinion of each of them that, on October 18, 1969, Mr. Bond was suffering from such mental illness, as to render him substantially incapable of conforming his conduct to the requirements of the law relating to armed bank robbery. Dr. Harold B. Fain testified, in effect, that it was his opinion that, on such date, Mr. Bond was not mentally ill, to the extent of rendering him substantially incapable of conforming his conduct to the requirements of the law relating to armed bank robbery.

■ These expert witnesses were divided 2 to 1 in their respective opinions of the state of Mr. Bond's mental health at the pertinent time. Such a conflict in the expert testimony was for the jury, not the Court, to resolve, Strickland v. United States (1963), 115 U.S.App.D.C. 5, 316 F.2d 656 [2], and this Court is not of the opinion that the verdict of the jury resolving same is against the clear weight of the evidence. Indeed, the Court views such verdict as one which could have been reached reasonably by the jury. Thus, in the exercise of judicial discretion, this Court finds and concludes that the jury's verdict of Mr. Bond's guilt does not result in a miscarriage of justice. Duncan v. Duncan, C.A.6th (1967), 377 F.2d 49, 52 [1–5], certiorari denied (1967) sub nom. Fain v. Duncan, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260. The jury, not the experts, decided the ultimate issue of Mr. Bond's sanity, and in so doing, the jury was free to accept or reject any expert opinion expressed. Feguer v. United States, C.A.8th (1962), 302 F.2d 214, 242 [11], certiorari denied (1962), 371 U.S. 872, 83 S.Ct. 123, 9 L.Ed.2d 110.

■ In submitting the insanity issue to the jury, the Court said, *inter alia*:

\* \* \* [B]ecause the prosecution has the burden of proving a defendant guilty beyond a reasonable doubt of every essential element of the crime charged, a defendant may rely on the failure of the prosecution to establish such proof. \* \* \*

\* \* \* \* \* \*

Mr. Bond's plea of not guilty to the first count of this indictment is twofold. First, he says he was not the person who committed the acts charged in that count. Next, he says that, even if you should find beyond a reasonable doubt that he *is* the person who committed these acts, he is not guilty as charged because he did not possess at that time or those times sufficient mental capacity to form the intent necessary to constitute these acts a crime.

Mr. Bond is not held responsible criminally by the law for any conduct on his part, if he did not have the mental capacity at the time of such conduct to form the intent necessary to commit the crime charged. Unless and until there was reasonable doubt raised as to whether Mr. Bond was sane on this occasion, the law presumes that he was sane. But, his sanity has now been placed in issue, and you must decide whether he was sane when he committed the acts with which he is charged.

There are two considerations in making this determination. First of all, was Mr. Bond suffering from a mental illness at the time he may have committed the acts charged against him in this indictment? You have heard the varying opinions of the doctors, as to what constitutes a mental illness. If you find that Mr. Bond was *not* mentally ill when he did these acts, then he is not excused from his conduct by the law. If, on the other hand, you find that Mr. Bond *was* mentally ill when doing the acts charged, then you must go further and determine the extent of such illness. In this instance, you will need to determine whether Mr. Bond's mental illness was such that he was rendered substantially *incapable* of conforming his conduct to the requirement of the law, which requires everyone not to rob a bank in the manner Mr. Bond is charged with having robbed it.

If you find that the mental illness suffered by Mr. Bond on this occasion was to an extent that he was rendered *incapable*, substantially, of keeping himself from robbing a bank, you will vote to acquit him. On the other hand, if you find that Mr. Bond was not mentally ill, *or* that he was not mentally ill to the degree that rendered him substantially incapable of conforming his conduct to that required by the law against robbing banks, in either event, you will vote to

convict him, in so far as this issue is concerned.

\* \* \* \* \* \*

Before either of these defendants may be convicted under either count of this indictment it must have been shown by the proof beyond a reasonable doubt that the particular offense under consideration was committed on or about the date alleged and within the jurisdiction of this Court, and the following elements must also have been proved beyond a reasonable doubt:

As to the first count:

First, that Mr. Bond \* \* \* [Fourthly] \* \* \* did such acts wilfully.

\* \* \* \* \* \*

The burden was on the prosecution to have proved beyond a reasonable doubt each and every essential element of the respective crimes charged. \* \* \* "

" \* \* \* Thus the matters about which [this defendant] complains [1] do not affect his substantial rights under Rule 52 (b), Fed.R.Crim.P. \* \* \* " Blocker v. United States, (1963), 116 U.S.App.D.C. 78, 320 F.2d 800, 801 [2], certiorari denied (1963), 375 U.S. 923, 84 S.Ct. 269, 11 L.Ed.2d 167; see also United States v. Brown, C.A.6th (1965), 353 F.2d 938, 940 [2], and Beck v. United States, C.A. 5th (1963), 317 F.2d 865, 871 [4], certiorari denied (1964), 375 U.S. 972, 84 S. Ct. 480, 11 L.Ed.2d 419.

Mr. Bond's application for payment by the United States of fees for a transcript of the proceedings herein, being premature, 28 U.S.C. § 753(f), and his motion for a new trial being without merit, hereby are

Denied.

\* \* \*

■ The defendant Mr. Ralph Edward Teague moved the Court on May 12, 1970 for a judgment of acquittal after the return by a jury on May 4, 1970

---

1. Actually, there was no objection interposed by Mr. Bond to this Court's instructions. See United States v. Lichota, C.A. 6th (1965), 351 F.2d 81, 91 [6],

certiorari denied (1966), 382 U.S. 1027, 86 S.Ct. 647, 15 L.Ed.2d 540, rehearing denied (1966), 383 U.S. 954, 86 S.Ct. 1195, 16 L.Ed.2d 216.

of a verdict of his guilt and its discharge, or in the alternative for a new trial. Rules 29(c), 33 Federal Rules of Criminal Procedure, respectively require each such motion to be made (or renewed in the first instance) " * * * within 7 days * * * ". Thus, such motions are untimely, United States v. Rosenson, D. C.La. (1968), 291 F.Supp. 867, 869 [1], affirmed C.A.5th (1969), 417 F.2d 629, certiorari denied (1970), 397 U.S. 962, 90 S.Ct. 992, 25 L.Ed.2d 253, rehearing denied (1970), 397 U.S. 1058, 90 S.Ct. 1349, 25 L.Ed.2d 679; Rule 45(b), Federal Rules of Criminal Procedure, and may be considered by the Court only " * * * if required in the interest of justice * * * ". Rule 33, Federal Rules of Criminal Procedure.

The gravamen of Mr. Teague's complaint is that, while he may have been shown to have been guilty as an accessory after the fact of Mr. Bond's alleged crime, it was not shown that he wilfully, unlawfully and knowingly aided, abetted and assisted Mr. Bond in *entering* the aforementioned branch bank office as charged against Mr. Bond in the aforesaid first count of the indictment.

 There was evidence of association between Messrs. Bond and Teague at a time, or times, prior to the time Mr. Bond is claimed to have entered the bank, and additional evidence that, thereafter, Mr. Teague by act and deed wilfully associated himself in some way with Mr. Bond's alleged criminal venture, that Mr. Teague wilfully participated in it as in something he wished to bring about, and that he wilfully sought by some action of his to make it succeed. King v. United States, C.A.10th (1968), 402 F.2d 289, 290–291 [1, 2]. There was evidence also from which the jury might have inferred reasonably that Mr. Bond obtained the aid and assistance of someone in deciding what role and posture to assume when he *did enter* the branch bank. So, while the issue might have

been presented in a less complex way in the second count of this indictment,[2] there was evidence from which the jury might have found, and apparently did, that Mr. Teague's aid and assistance preceded Mr. Bond's entry into the bank. *Cf.* Pinkney v. United States, C.A.5th, 380 F.2d 882, 885 [5, 6] certiorari denied (1968), 390 U.S. 908, 88 S.Ct. 831, 19 L.Ed.2d 876; United States v. Simmons, C.A.2d (1960), 281 F.2d 354, 360 [11].

Mr. Teague's motions, therefore, also hereby are

Denied.

---

2. Mr. Teague's special request stated correctly the abstract law relating to accessories after the fact, but this was a matter outside the issues presented and the evidence adduced. See Ryan v. United States, C.A. 10th (1963), 314 F.2d 306, 311 [7]; Coleman v. United States, C.C.A. 5th (1947), 167 F.2d 837, 840 [7].